**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **CEDRIC WAYNE BAGBY,** ) | CASE NO. 1:15 CV 513 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | <u>OPINION AND ORDER</u> |
| **RICK THALER, SR.,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

<u>**CHRISTOPHER A. BOYKO, J.:**</u>

*Pro se* Plaintiff Cedric Wayne Bagby is a Texas state prisoner incarcerated in the Texas Department of Criminal Justice's William P. Clements Unit in Amarillo, Texas. He has filed this civil rights action against various officials associated with the prison. (Doc. No. 1.) The Plaintiff has filed an application to proceed *in forma pauperis*. (Doc. No. 2.) For the reasons stated below, the motion to proceed *in forma pauperis* is denied and this action is dismissed.

Pursuant to 28 U.S.C. §1915(g), a prisoner is prohibited from bringing a civil action or appealing a judgment in a civil action *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state claim

upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The Plaintiff's allegations do not reasonably suggest he is in imminent danger of serious physical injury. In addition, the Plaintiff has, on no less than five prior occasions while he was incarcerated, filed a civil action in a court of the United States that was dismissed as frivolous. Specifically, this Court takes judicial notice of the decision in *Bagby v. Staples*, No.5:13 CV 1092, 2014 WL 7005587 (W.D. Texas Dec. 10, 2014). The District Court dismissed as frivolous a prior civil rights action brought by the Plaintiff under 42 U.S.C. §1983 and cited four other prior civil actions the Plaintiff filed in United States courts that were also dismissed as frivolous. *See id*. at *1, citing *Bagby v. Thaler,* 1:12 CV 2001 (District of Columbia); *Bagby v. President of Bank of America*, 1:13 CV 225 (District of Columbia); *Bagby v. Thaler,* 2:13 CV 12 (N.D. Tex.-Amarillo Division); and *Bagby v. Fathi*, 4:13 CV 598 (S.D. Tex.-Houston Division). In light of the five prior frivolousness dismissals, the Plaintiff is foreclosed from proceeding in *forma pauperis* here.

> In addition, the federal venue statute provides:
>
> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b).

> It is evident from the face of the Plaintiff's Complaint that all of the parties and events and

omissions giving rise to the Plaintiff's claims in this case are located or occurred within the geographic boundaries of the United States District Court for the Northern District of Texas. No events or omissions occurred, and no Defendant resides, in this Judicial District. Accordingly, venue is improper in this Judicial District under 28 U.S.C. §1391(b). Title 28 U.S.C. §1406(a) states that a district court "shall dismiss" an improperly-venued action "or if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought." In light of the Plaintiff's history of filing frivolous civil actions, this Court does not find it "in the interest of justice" to transfer this improperly-venued to another district court. Accordingly, the action must be dismissed for improper venue.

## Conclusion

For all of the foregoing reasons, this action is dismissed under 28 U.S.C. §§1915(g) and 1406(a). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: March 25, 2015